**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>PEDRO JUAN GOMEZ GARCIA<br><br>DEBTOR(S) | CASE No. 08-07575 (ESL)<br><br>CHAPTER 7<br>VOLUNTARY<br>ASSET CASE |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM NUMBERS 20, 21, 26 & 27 AND NOTICE OF OPPORTUNITY FOR HEARING**

**TO THE HONORABLE COURT**:

**COMES NOW**, Wigberto Lugo Mender, the duly appointed Chapter 7 Trustee for the Estate of Pedro Juan Gomez Garcia, represented by the undersigned attorneys who respectfully state, request, and pray as follows:

**PROCEDURAL BACKGROUND**

1. On November 8, 2008, the above captioned debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor subsequently requested voluntarily to convert the case to Chapter 7 on April 16, 2009.

2. On April 17, 2009, Wigberto Lugo Mender was appointed Chapter 7 Trustee for the Estate of Pedro Juan Gomez Garcia.

3. Claims Bar date for the above captioned case was scheduled for February 8, 2010.

4. On June 16, 2009, Pedro Jose Gomez Reyes filed priority claim number 20. This claim was signed by Sonia Reyes Cardona, his mother.

5. On June 16, 2009, Pedro Javier Gomez Reyes filed priority claim number 21. This claim was signed by Sonia Reyes Cardona, his mother.

6. On September 1, 2009, Noemi Reyes Cardona filed priority claim number 26, alleging she had a credit for money loaned to help her sister and nephews who are sons of the debtor.

7. On September 1, 2009, Sonia Reyes Cardona filed priority claim number 27 claiming DSO in the amount of $71,400.00, pursuant to 11 USC §507, for the benefit of her sons, Pedro Jose Gomez Reyes and Pedro Javier Gomez Reyes.

8. None of these claims include any evidence of a Court ordered or ASUME determined liquid amounts of pre-petition DSO in arrears.

### ABSTENTION OF RULING ON DSO MATTERS BY BANKRUPTCY COURT

9. Bankruptcy Courts have abstained from exercising their jurisdiction in cases where child support determinations are in controversy. In Jones v. AG (In re Jones), 2000 Bankr. LEXIS 2061, Case No. 96-10867, Chapter 13, Adversary No. 00-5120, the United States Bankruptcy Court for the District of Kansas decided that *"The issues to be decided in this proceeding, the amount of child support owed and who it is owed to, are based upon state law and eminently suited to disposition in the state domestic court arena."*

10. The United States Bankruptcy Court for the District of Massachusetts, Eastern Division has also reached a similar conclusion. *"...[B]ankruptcy court may abstain from exercising jurisdiction over a proceeding arising in a bankruptcy case either in the interest of justice or in the interest of comity with state courts. 28 U.S.C. § 1334(c)(1). The present controversy implicates both concerns. Divorce and attendant issues of alimony, child support, and division of marital property are the province of state courts, implicating concerns for comity."* Agin v. Kirby (In re Kirby), 403 B.R. 169 (2009).

2

11. Scholars also agree, as published in the American Bankruptcy Institute Journal 20-1 ABIJ 10, February 2001:

> "The state interest in ensuring that dependents are adequately provided for is certainly strong. Decisions which involve alimony or child support, generally under continuing supervision by the state courts, could require the bankruptcy court to second-guess the state court on such matters and could produce conflicting court decrees, further aggravating an already delicate situation. Nor was it "the 'intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic-relations courts--courts that would in turn, willy-nilly, modify divorce decrees of state courts insofar as these courts had previously fixed the amount of alimony and child-support obligations of debtors.'" [*Caswell,* 757 F.2d at 610-11 (*quoting In re Garrison,* 5 B.R. 256, 260 (Bankr. E.D. Mich. 1980))]. "It is appropriate for bankruptcy courts to avoid incursions into family-law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" [*In re MacDonald,* 755 F.2d at 717-19 (*quoting In re Graham,* 14 B.R. 246, 248 (Bankr. W.D. Ky. 1981))]."

**TRUSTEE'S POSITION**

12. Claim number 20 must be disallowed since it provides no evidence of a Court or ASUME determined liquid amounts of pre-petition DSO in arrears. This claim only includes a sworn statement from creditor Sonia Reyes Cardona where she describes an alleged settlement of a contested will in State Court.

13. Claim number 21 must be disallowed since it provides no evidence of a Court or ASUME determined liquid amounts of pre-petition DSO in arrears. This claim only includes a sworn statement from creditor Sonia Reyes Cardona where she describes an alleged settlement of a contested will in State Court.

14. Claim number 26 must be disallowed as a priority claim since it requests payment of an unsecured loan from Noemi Reyes Cardona, allegedly made to help her sister Sonia Reyes Cardona and her nephews.

3

15. Claim number 27 must be disallowed since it provides no evidence of a Court or ASUME determined liquid amounts of pre-petition DSO in arrears. This claim only includes an unsworn statement from Sonia Reyes Cardona as evidence of her DSO claim.

16. There are several additional DSO related claims on file (see Claims 4, 5, 25, 31). All these claims will be objected by the Trustee, since none of them include any evidence of a Court ordered or ASUME determined liquid amounts of pre-petition DSO in arrears.

17. The Trustee will not oppose the allowance of a Court or ASUME determined liquid amounts of pre-petition DSO in arrears, once this Honorable Court has had the opportunity to consider all objected DSO claims, and has issued a ruling on this matter.

## NOTICE IN COMPLAINCE WITH LBR 3007-1

**CLAIMANTS AND PARTIES IN INTEREST PLEASE TAKE NOTICE** that: Within thirty (30) days after service as evidence by the certifications, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion – schedule a hearing.

**PRAYER FOR RELIEF**

**WHEREFORE**, Trustee Wigberto Lugo-Mender, respectfully requests that unless a written request for hearing on opposition to these objections is filed by claimants, this Honorable Court, **disallow Claims number 20, 21, 26, and 27 as requested.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record, including: REBECA CAQUIAS MEJIAS on behalf of Interested Party MMM Healthcare, Inc. rcaquias@fgrlaw.com, acordero@fgrlaw.com;fgr.bankruptcy@gmail.com JOSE F CARDONA JIMENEZ on behalf of Creditor WALTER PEDREIRA SANTIESTEBAN jf@cardonalaw.com, cardonalaw@prtc.net SAMUEL M CORDERO VELEZ on behalf of Creditor Bernardo Reyes Guadalupe samcv77@gmail.com, quiebras@reclamatusderechos.com ILEANA ISABEL CORRAL LIZARDI ileanaisabel@aim.com CHARLES ALFRED CUPRILL on behalf of Debtor INVERSIONES METRO SE cacuprill@cuprill.com, ccuprill@cuprill.com; docket@cuprill.com;luis@cpacarrasquillo.com CARMEN PRISCILLA FIGUEROA-BELL on behalf of Creditor CRIM cfigueroa@crimpr.net, storres@crimpr.net;lburgos@crimpr.net ALEXIS FUENTES HERNANDEZ on behalf of Creditor EMERITO ESTRADA RIVERA-ISUZU DE P.R.INC. alex@fuentes-law.com, afuentes1@msn.com JOSE R. GARCIA PEREZ on behalf of Creditor Jorge Valdes-LLauger bennazar@microjuris.com JOHN M GARCIA on behalf of Creditor Westernbank jmgarcia@gflawpr.com, gflaw@gflawpr.com; vanessa@gflawpr.com; garciayfernandezlaw@yahoo.com IRVING K HERNANDEZ VALLS on behalf of Interested Party ILEANA CORRAL LIZARDI irving@ikhlaw.com, ikhbknotices@gmail.com, irvingsr@prtc.net;irvingk@prtc.net ikhlaw@gmail.com JOSE L JIMENEZ QUINONES on behalf of Creditor CASTO COLL DEL RIO jljimenez11@gmail.com, jimenezlawoffice@gmail.com MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov WIGBERTO LUGO MENDER trustee@lugomender.com, wlugo@ecf.epiqsystems.com VIVIANA RODRIGUEZ ORTIZ on behalf of Creditor Westernbank vrodriguez@gflawpr.com, garciayfernandezlaw@yahoo.com, vanessa@gflawpr.com CARLOS RODRIGUEZ QUESADA on behalf of Creditor GIORGIO COPPOLA cerqlaw@coqui.net STATE INSURANCE FUND CORP Alejandro.Suarez@cfse.gov.pr

ALEJANDRO A SUAREZ CABRERA on behalf of Creditor STATE INSURANCE FUND CORP Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com US TRUSTEE ustpregion21.hr.ecf@usdoj.gov

**I HEREBY FURTHER CERTIFY**: Copy of this motion has been sent via regular mail to: the **United States Trustee's Office** at Ochoa Building, Suite 301, 500 Tanca Street, Old San Juan, Puerto Rico 00901-1922**, Ileana Corral Lizardi** at G-18 Condominio El Monte Norte, San Juan PR 00918, **ASUME** at PO BOX 71316, San Juan PR 00936-8416, **Sylvia Serrano** at 8226 Livorno Dr, Orlando FL 32836, **Pedro Jose Gomez Reyes, Pedro Javier Gomez Reyes and Sonia Reyes Cardona** at #5 Taina St, Parque Bucare II, Guaynabo PR 00969, **Noemi Reyes Cardona** at HC-01 BOX 25086, Caguas PR 00725.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 15th day of June of 2011.

**ARRILLAGA & ARRILLAGA**
Ave. Hostos #430- Altos
Hato Rey, P.R. 00918
Tel. (787) 274-1147/763-7663
Fax (787) 763-7622/754-1644

*/s/Rafael V. Olivieri-Geigel, Esq.*
USDC-PR 226712
E-mail: lawrog@gmail.com

*/s/Rene Arrillaga Armendariz, Esq.*
USDC-PR-211403
E-mail: arrillagalaw@yahoo.com

*/s/Rafael E. Silva Almeyda, Esq.*
USDC-PR-206901
E-mail: silva.almeyda.law@gmail.com